Charles E. Hansberry
Jenny M. Jourdonnais
HANSBERRY & JOURDONNAIS, PLLC
2315 McDonald Avenue, Suite 210
Missoula, MT 59801
Phone: (406) 203-1733
Fax: (406) 205-3170
chuck@hjbusinesslaw.com
jenny@hjbusinesslaw.com

Attorneys for Plaintiffs Avista Corporation
Portland General Electric Company, and
PacifiCorp
Additional counsel of record listed on signature page

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY, AVISTA CORPORATION, PACIFICORP**, and **PUGET SOUND ENERGY, INC.**,<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWESTERN CORPORATION; TALEN MONTANA, LLC; AUSTIN KNUDSEN**, in his official capacity as Attorney General for the State of Montana,<br><br>Defendants. | Case No. 1:21-cv-00047-SPW-KLD<br><br>**PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS** |

Avista Corporation, Portland General Electric Company and PacifiCorp

("Co-Owners") submit this response to Defendant NorthWestern Corporation's

("NorthWestern") Motion to Compel Arbitration and Appoint a Magistrate Judge

Page-1  PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

to Oversee Arbitration Procedure Negotiations ("Motion"). The Co-Owners share NorthWestern's desire to move forward promptly with the Arbitration.[1] However, for the reasons discussed herein, NorthWestern's Motion should be denied.

## I. Argument

### A. NorthWestern's Motion is Premature.

NorthWestern's Motion seeks to compel arbitration, but it is necessarily silent as to whether the arbitration should be compelled pursuant to the decades-old arbitration agreement that Plaintiffs, NorthWestern, and Talen Montana (collectively, "Owners") are parties to (the "O&O Agreement"), or, alternatively, whether parts of the arbitration and venue clause[2] in that agreement are void pursuant to Senate Bill 265, which became law on May 3, 2021.[3] (*See id.*; Doc. 121 at 7.) Until the Court resolves the issues raised by the Plaintiffs in this proceeding regarding Senate Bill 265, NorthWestern's Motion is premature.[4]

---

[1] The "Arbitration" is the arbitration initiated by NorthWestern on February 9, 2021. (*See* Doc. 90 at ¶ 5.)
[2] Section 18 of the O&O Agreement contains the Owners' arbitration and venue agreement and is referred to herein as the "Arbitration and Venue Clause".
[3] Senate Bill 265 is codified at Montana Code § 27-5-323(2)(a) (as used herein, "Senate Bill 265" refers to Senate Bill 265 and its codified statutory section).
[4] As a threshold matter, the Co-Owners question whether NorthWestern's Motion seeking to compel arbitration is appropriately filed in this proceeding. The issues

Page-2 PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

The Owners are parties to the O&O Agreement which specifically includes a provision (the "Arbitration and Venue Clause") that provides that controversies arising out of or relating to the O&O Agreement are subject to arbitration. (Doc. 89 at 9.) The Arbitration and Venue Clause clarifies, among other things, that (i) the venue for arbitration is to be Spokane, Washington, (ii) arbitration is to be before a single arbitrator, and (iii) arbitration is to be conducted pursuant to Washington law. (*Id.*) NorthWestern and Talen supported Senate Bill 265 (Doc. 90 at ¶ 8), which purports to make invalid any part of "an agreement concerning venue" in an arbitration agreement concerning electrical generation unless that "agreement concerning venue" in the Owners' arbitration agreement "requires that arbitration occur within the state before a panel of three arbitrators selected under the Uniform Arbitration Act unless all parties agree in writing to a single arbitrator." (*See id.* at ¶ 7.) Predictably, the conflicting provisions between the Arbitration and Venue Clause and Senate Bill 265 have resulted in disputes regarding the legality of Senate Bill 265 and whether the Arbitration is to be

---

in this proceeding are (i) whether Montana Senate Bill 265 is unconstitutional and preempted by the Federal Arbitration Act, and (ii) whether Senate Bill 266 is unconstitutional. (Doc. 32.)

Page-3  PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

conducted in accordance with the Owners' agreement or Senate Bill 265.[5] Equally predictably, the need to resolve this issue has delayed the Arbitration.

As noted above, the Co-Owners, like NorthWestern, want the Arbitration to move forward promptly. In fact, in April 2021, before Senate Bill 265 was signed into law in Montana, the Plaintiffs initiated a proceeding in the Superior Court of the State of Washington for Spokane County (Case No. 21-2-01000-32) and moved to compel arbitration *pursuant to Washington law and the Arbitration and Venue Clause of the O&O Agreement*. (Schroeder Dec. at ¶ 4.) That proceeding was subsequently removed to the United States District Court for the Eastern District of Washington (Case No. 2:21-CV-163-RMP) and was later transferred to, and is currently pending in the United States District Court for the District of Montana, Billings Division (Case No. CV-21-90-SPW-TJC)

---

[5] For example, Talen initiated a proceeding in Montana Thirteenth Judicial District Court in Yellowstone County in which it seeks, among other things, an order declaring that provisions of the Arbitration and Venue Clause are invalid and compelling the Owners to arbitrate in accordance with the O&O Agreement as modified by Senate Bill 265. (Declaration of William J. Schroeder in Support of Plaintiffs' Response to Defendant NorthWestern Corporation's Motion to Compel Arbitration and Appoint a Magistrate Judge to Oversee Arbitration Procedure Negotiations ("Schroeder Dec.") at ¶ 3.) In contrast, the Plaintiffs initiated this proceeding to challenge the legality of Senate Bill 265. (Doc. 1.) The Plaintiffs' complaint was later amended to include challenges to Senate Bill 266. (Doc. 32.) The Court granted the Plaintiffs' motion for a preliminary injunction regarding Senate Bill 266. (Doc. 100.)

Page-4 PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

("Transferred Proceeding"). (*Id.*) The Co-Owners have not pursued a motion to compel in the Transferred Proceeding because the issues regarding Senate Bill 265 raised by the Plaintiff's in this proceeding, and addressed in Plaintiffs' Motion for Partial Summary Judgment Regarding Their First, Second and Third Claims for Relief (Doc. 88) ("SB 265 Motion for Summary Judgment"),[6] are not yet resolved.

NorthWestern does not, and cannot, request an order compelling Arbitration *pursuant to* either the Arbitration and Venue Clause or Senate Bill 265 at this time. (*See* Doc. 121.) Until the issues regarding the legality of Senate Bill 265 raised by the Plaintiffs in this proceeding are resolved, granting NorthWestern's Motion will not provide any measure of necessary guidance on the procedures that apply to the Arbitration and, therefore, will not resolve the dispute regarding whether the pending Arbitration is to be conducted in accordance with the Arbitration and Venue Clause or Senate Bill 265. (*See supra* n.5.) For this reason, NorthWestern's Motion is premature and should be denied.

**B.  An Order Compelling Arbitration is Not Warranted at this Time.**

---

[6] Plaintiffs also filed a Motion for Partial Summary Judgment Regarding Their Fourth and Fifth Claims for Relief (Doc. 102), demonstrating the unconstitutionality of SB 266.

Page-5 PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

NorthWestern already initiated arbitration to resolve "what vote is required to close Units 3 and 4 and the obligation of each co-owner to fund operations of the Project." (Doc. 121 at 18; *see also* Doc. 90 at ¶ 5.) To date, no party to the Arbitration has explicitly refused to arbitrate issues arising out of or related to the O&O Agreement.[7] (*See* Schroeder Dec. at ¶¶ 5-7.)

The Arbitration is stalled because Senate Bill 265, which NorthWestern and Talen supported, purports to abrogate the venue, number of arbitrators, and choice of law provision in the Owners' agreement regarding the process for conducting arbitration. (*See* Doc. 90 at ¶ 8; Schroeder Dec. at ¶ 8.) Senate Bill 265 led to disputes which have delayed the Arbitration. (*See supra* n.5.) However, as noted above, no Owner is explicitly refusing to arbitrate issues arising out of or relating to the O&O Agreement. Unless or until the issues regarding Senate Bill 265 are resolved and an Owner refuses to arbitrate a controversy arising out of or relating to the O&O Agreement, an order compelling arbitration is not warranted.

---

[7] Talen has indicated that its position is that there are no ripe issues for arbitration. (Schroeder Dec. at ¶ 7). Whether an issue arising out of or relating to the O&O Agreement is or is not ripe is itself an issue to be decided in arbitration under the O&O Agreement. (*See* Doc. 89 at 9-10 (restating Section 18 of the O&O Agreement).)

Page-6  PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

**C.  Granting NorthWestern's Motion Will Result in Unnecessary Expenditure of Time and Resources and Will Not Move the Arbitration Forward.**

Finally, granting NorthWestern's Motion will not move the Arbitration forward. As discussed above, NorthWestern's Motion does not, and cannot, resolve the issue of whether the arbitration is to be conducted pursuant to the Arbitration and Venue Clause or Senate Bill 265. Appointing a magistrate judge to oversee the negotiation of procedures will not resolve that issue. Until that issue is resolved, appointing a magistrate judge to oversee negotiations of procedures for Arbitration will result in unnecessary expenditure of time and resources. NorthWestern's Motion should be denied.

**D.  NorthWestern's Motion Can Be Revisited if, After the Issues Regarding Senate Bill 265 Are Resolved, An Owner Refuses to Arbitrate.**

The Co-Owners share NorthWestern's desire to move the Arbitration forward promptly. To that end, the Plaintiffs filed the SB 265 Motion for Summary Judgement, demonstrating that Senate Bill 265 is unconstitutional under both the Montana and United States Constitutions and is preempted by the Federal Arbitration Act. The SB 265 Motion for Summary Judgment has been fully briefed by all parties. (*See* Doc. 99.)

Resolution of the issues regarding Senate Bill 265 in this proceeding (which are pending in the SB 265 Motion for Summary Judgment) is essential. Resolution of those issues will clarify either (i) that the Owners are required to honor their contractual commitment to arbitrate issues arising out of or relating to the O&O Agreement pursuant to its Arbitration and Venue Clause or (ii) that Senate Bill 265 abrogates parts of the Arbitration and Venue Clause. For the reasons discussed above NorthWestern's Motion should be denied. If, after the issues regarding Senate Bill 265 are resolved, an Owner refuses to arbitrate issues arising out of or relating to the O&O Agreement in accordance with that resolution, NorthWestern's Motion should be revisited.

## II.  Conclusion

The Co-Owners share NorthWestern's desire to move the Arbitration forward promptly. However, as discussed herein, NorthWestern's Motion is premature and will not resolve the issues preventing the Arbitration from proceeding and, therefore, will result in unnecessary expenditure of time and resources. For those reasons, NorthWestern's Motion should be denied.

DATED this 23rd day of December, 2021.

/s/ *Charles E. Hansberry*
HANSBERRY & JOURDONNAIS, PLLC
Charles E. Hansberry

Jenny M. Jourdonnais
chuck@hjbusinesslaw.com
jenny@hjbusinesslaw.com
2315 McDonald Avenue, Suite 210
Missoula, MT 59801
Phone: (406) 203-1730
Fax: (406) 205-3179
*Attorneys for Plaintiffs Portland General Electric Company, Avista Corporation, and PacifiCorp*

/s/ *William J. Schroeder*
William J. Schroeder
KSB LITIGATION P.S.
(*Admitted Pro Hac Vice*)
William.schroeder@Ksblit.legal
510 W Riverside, Suite 300
Spokane, WA 99201
Phone: (509) 624-8988
Fax: (509) 474-0358
*Attorneys for Plaintiff Avista Corporation*

/s/ *Michael G. Andrea*
AVISTA CORPORATION
Michael G. Andrea
(*Admitted Pro Hac Vice*)
Michael.Andrea@avistacorp.com
1411 W. Mission Ave.
Spokane, WA 99202
Phone: (509) 495-2564
Fax: (509) 777-5468
*Attorney for Plaintiff Avista Corporation*

/s/ *Troy Greenfield*
SCHWABE WILLIAMSON & WYATT
Troy Greenfield
Connie Sue Martin

Page-9  PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

(*Admitted Pro Hac Vice*)
TGreenfield@Schwabe.com
CSMartin@Schwabe.com
US Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 407-1581
Fax: (206) 292-0460
*Attorneys for Plaintiff PacifiCorp*

/s/ *Dallas DeLuca*
MARKOWITZ HERBOLD PC
Dallas DeLuca
David B. Markowitz
Harry B. Wilson
(*Admitted Pro Hac Vice*)
DallasDeLuca@MarkowitzHerbold.com
DavidMarkowitz@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201
Phone: (503) 295-3085
Fax: (503) 323-9105
*Attorneys for Plaintiff Portland General Electric Company*

/s/ *Gary M. Zadick*
UGRIN ALEXANDER ZADICK, P.C.
Gary M. Zadick
gmz@uazh.com
#2 Railroad Square, Suite B
PO Box 1746
Great Falls, MT 59403
Phone: (406) 771-0007
Fax: (406) 452-9360
*Attorneys for Plaintiff Portland General Electric Company*

Page-10  PLAINTIFFS' AVISTA CORPORATION, PORTLAND GENERAL ELECTRIC COMPANY AND PACIFICORP'S RESPONSE TO DEFENDANT NORTHWESTERN CORPORATION'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this document is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word, is 1555 words long, excluding Caption, Certificate of Service, Table of Contents and Authorities, and Certificate of Compliance.

DATED this 23rd day of December, 2021.

KSB LITIGATION, P.S.

*/S/ William J. Schroeder*
William J. Schroeder

*Attorneys for Plaintiff Avista Corporation*
