Charles E. Hansberry
Jenny M. Jourdonnais
HANSBERRY & JOURDONNAIS, PLLC
2315 McDonald Avenue, Suite 210
Missoula, MT 59801
Telephone (406) 203-1730
Telefax (406) 205-3170
chuck@hjbusinesslaw.com
jenny@hjbusinesslaw.com

Attorneys for Plaintiff Puget Sound Energy, Inc.
Additional counsel of record listed on signature page

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY; AVISTA CORPORATION; PACIFICORP;** and **PUGET SOUND ENERGY, INC.**,<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWESTERN CORPORATION; TALEN MONTANA, LLC; AUSTIN KNUDSEN,** in his official capacity as Attorney General for the State of Montana,<br><br>Defendants. | Case No. 1:21-cv-00047-SPW-KLD<br><br>**PUGET SOUND ENERGY, INC.'S RESPONSE TO DEFENDANT NORTHWESTERN'S MOTION TO COMPEL ARBITRATION AND APPOINT A MAGISTRATE JUDGE TO OVERSEE ARBITRATION PROCEDURE NEGOTIATIONS** |

## I.     INTRODUCTION

NorthWestern Corporation asks the Court to issue an order compelling arbitration and appointing a Magistrate Judge to oversee negotiations over arbitration procedures. Plaintiff Puget Sound Energy, Inc. ("PSE") urges the Court to grant NorthWestern's motion promptly after ruling on the motion challenging Senate Bill 265 filed by Plaintiffs (the "PNW Owners").

The PNW Owners, NorthWestern, and Talen Montana, LLC ("Talen") (collectively, the "Colstrip Owners") have ripe, arbitrable contract disputes that need to be resolved promptly. Those contract disputes concern whether the Colstrip Owners can vote to close one or both Colstrip coal-fired electric generation units with a less-than-unanimous vote or whether a unanimous vote is required, as Senate Bill 266 purported to require until it was declared likely unconstitutional and unenforceable by this Court two months ago (Doc. 100).

The Colstrip Owners' contract provides that arbitration of their claims shall occur in Spokane County, Washington, before a single arbitrator. Senate Bill 265 purports to invalidate portions of the arbitration terms in the Colstrip Owners' contract by requiring arbitration "involving an electrical generation facility in [Montana]" to occur within Montana "before a panel of three arbitrators." Montana Code § 27-5-323(2)(a). As a result, arbitration of the parties' claims has stalled due to the uncertainty whether Senate Bill 265 will be declared preempted or

unconstitutional. Once that determination is made, a favorable ruling on NorthWestern's motion to compel arbitration will assist the parties in moving forward to resolve pressing contract disputes relevant to the PNW Owners' need to transition away from Colstrip.

PSE therefore urges the Court to grant NorthWestern's motion to compel arbitration promptly after ruling on the PNW Owners' motion challenging Senate Bill 265. Granting NorthWestern's motion should not delay consideration of the PNW Owners' constitutional challenges to *Senate Bill 266*, because that motion raises issues that are independent of the arbitrable claims.

## II.    ARGUMENT

### A.    The Court Should Enter an Order Compelling Arbitration

PSE agrees with NorthWestern that (1) there are ripe contract disputes among the Colstrip Owners; (2) those claims are subject to mandatory arbitration; (3) prompt resolution of the claims is essential for the utilities' long-term planning; and (4) the arbitration initiated by NorthWestern in March 2021 is at a standstill.[1] The PNW Owners have fully engaged in the NorthWestern-initiated arbitration

---

[1] The claims in arbitration are independent of the issues raised in the PNW Owners' motions for partial summary judgment challenging Senate Bills 265 and 266. Doc. 88, 102. *See* discussion below in Part II.C; *see also* Doc. 127 at 6–11 (PNW Owners' opposition to Attorney General's motion to stay). Throughout this brief, page references to court filings refer to the ECF-stamped pages.

PSE'S RESPONSE TO NORTHWESTERN'S
MOTION TO COMPEL ARBITRATION – 2
155303486.3

from the outset. They served formal responses to NorthWestern's claims as well serving their own demands for arbitration of their counterclaims, and they participated in unsuccessful discussions with Talen and NorthWestern to establish an arbitration protocol, including methods for selecting the arbitrator(s).

Given the urgent need for resolution of the arbitrable claims and the long-running and ongoing delay in getting the arbitration moving, PSE asks the Court to issue an order compelling arbitration as promptly as possible once the enforceability of Senate Bill 265 is decided.

**B.  Appointment of a Magistrate Judge Would Assist the Colstrip Owners in Trying to Reach Agreement on Certain Arbitration Procedures**

NorthWestern also asks the Court to appoint a Magistrate Judge to oversee and make recommendations regarding the Colstrip Owners' resolution of more detailed arbitration procedures, including the appropriate arbitrator-selection process. PSE agrees with NorthWestern's discussion of the failed efforts to date. *See* Doc. 121, at 18–21 (Background Part E.2, "Negotiating the Arbitration Process to a Standstill"). PSE's understanding is that NorthWestern proposes appointment of a Magistrate Judge to assist the Colstrip Owners in negotiations and to make recommendations on an arbitration protocol. But the Magistrate Judge, if appointed, would not have the power to issue binding orders to resolve disputes. If that understanding is correct, and because of the Colstrip Owners' lack of progress

to date, PSE agrees that appointment of a Magistrate Judge to facilitate negotiations likely would help the Colstrip Owners reach agreement on arbitration procedures.[2]

Although PSE favors appointment of a Magistrate Judge to facilitate negotiations, it is very likely that the Colstrip Owners cannot reach full agreement on arbitration procedures prior to a ruling on Senate Bill 265. As discussed in the PNW Owners' pending motion for summary judgment challenging Senate Bill 265, the bill is preempted by the Federal Arbitration Act and is unconstitutional. Doc. 88, 89. Once the Court rules on the pending motion, the parties will have clarity on whether the arbitration and venue provisions in Section 18 of the Colstrip Owners' O&O Agreement control. *See* Doc. 89, at 9–10. In the Colstrip Owners' negotiations to date, only Talen—the one owner that is not a utility—has taken refuge in the arguable validity of Senate Bill 265, and therein lies the problem. Until the Court decides that fundamental question, Talen will be able to delay the Colstrip Owners' arbitration indefinitely and therefore obstruct

---

[2] The enforceability of Senate Bill 265 is fully briefed, and a decision on that summary judgment motion will resolve disputes over the number of arbitrators, arbitration venue, and whether Washington or Montana arbitration law applies. Other disputes about arbitration procedures (e.g., arbitrator-selection protocol) that are the subject of NorthWestern's motion are not properly before the Court and not referrable to a Magistrate Judge for decision or for issuance of findings and recommendations.

PSE'S RESPONSE TO NORTHWESTERN'S
MOTION TO COMPEL ARBITRATION – 4
155303486.3

the PNW Owners' and NorthWestern's ability to take needed steps today consistent with their long-term planning requirements and obligations to serve their customers.

**C. Other Responses to NorthWestern's Motion**

NorthWestern's 23-page motion includes many factual assertions and arguments. Although PSE asks the Court to grant the relief sought by NorthWestern, PSE does not agree with many of the assertions and arguments in NorthWestern's motion. PSE will not respond to each assertion and argument here, many of which are not relevant to the Court's decision on the motion. But PSE briefly addresses the following two issues.

First, in its motion (and other briefing and argument), NorthWestern tries to convey the impression that it is a bystander caught in the middle of a dispute between the PNW Owners and Talen. But the truth is that *NorthWestern* also lobbied the Montana legislature in support of Senate Bills 265 and 266,[3] the passage of which predictably forced the PNW Owners to challenge the bills in court. Northwestern is complicit in the efforts to get that legislation enacted.

Second, NorthWestern asks the Court to "retain jurisdiction to address and resolve the enforceability of Senate Bills 265 and 266, at least to the extent 266

---

[3] Doc. 39-6 at 16–18, 64–65, 74–76, 147, 149; Doc. 88-2 at 12–13, 37–38.

would prohibit the PNW Owners from asserting their respective positions regarding the proper construction of the O&O Agreement in the arbitration." Doc. 121 at 26. PSE agrees that the Court should retain jurisdiction to decide the PNW Owners' motions for summary judgment challenging Senate Bill 265 (Doc. 88) and Senate Bill 266 (Doc. 102). To the extent NorthWestern contends that parts of the PNW Owners' challenge to Senate Bill 266 are contingent on resolution of issues in arbitration, NorthWestern is incorrect and misreads the issues raised in the motion. The PNW Owners' arguments in their pending summary judgment motion challenging Senate Bill 266 are, by design, independent of the claims subject to arbitration, as discussed in their opposition to the Attorney General's motion to stay. Doc. 127 at 6–11. The Colstrip Owners should promptly arbitrate those claims that are subject to arbitration. But there is no reason to delay resolution of the challenges to Senate Bills 265 and 266. To the contrary, the interests of the Colstrip Owners and their customers favor early resolution of the challenges.

### III.  CONCLUSION

For the reasons above, the Court should grant NorthWestern's motion to compel arbitration and appoint a magistrate to oversee negotiations over arbitration procedures, and it should do so promptly after a ruling is issued on the PNW

Owners' pending motion for summary judgment regarding the validity of Senate Bill 265.

DATED this 23rd day of December, 2021.

*/s/ Jeffrey M. Hanson*
Jeffrey M. Hanson
Harry H. Schneider, Jr.
Gregory F. Miller
(*Admitted Pro Hac Vice*)
PERKINS COIE LLP
JHanson@perkinscoie.com
HSchneider@perkinscoie.com
GMiller@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Ph: (206) 359-8000
Fax: (206) 359-9000
*Attorneys for Plaintiff Puget Sound Energy, Inc.*

HANSBERRY & JOURDONNAIS, PLLC
Charles E. Hansberry
Jenny M. Jourdonnais
2315 McDonald Avenue, Suite 210
chuck@hjbusinesslaw.com
jenny@hjbusinesslaw.com
Missoula, MT 59801
Telephone (406) 203-1730
Telefax (406) 205-3170
*Attorneys for Plaintiff Puget Sound Energy, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that PSE's Response to NorthWestern's Motion to Compel Arbitration is: printed with proportionately spaced Times New Roman text with 14-point typeface; is double-spaced; and the word count, calculated by Microsoft Office Word, is 1,357 words long, including footnotes, but excluding the Caption, Signature Blocks, Certificate of Service, Tables of Contents and Authorities, and Certificate of Compliance.

DATED: December 23, 2021

*/s/ Jeffrey M. Hanson*
Jeffrey M. Hanson

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

DATED: December 23, 2021

                                               */s/ Jeffrey M. Hanson*
                                               Jeffrey M. Hanson