Stephen D. Bell, Esq.
Dorsey & Whitney LLP
Millennium Building
125 Bank Street, Suite 600
Missoula, Montana 59802-4407
Telephone: (406) 329-5590
Email: bell.steve@dorsey.com

J Jackson, Esq. (*Pro Hac Vice*)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2760
Email: jackson.j@dorsey.com

*Attorneys for Defendant NorthWestern Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY; AVISTA CORPORATION; PACIFICORP; and PUGET SOUND ENERGY, INC.**<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWESTERN CORPORATION; TALEN MONTANA, LLC; AUSTIN KNUDSEN, in his official capacity as Attorney General for the State of Montana,**<br><br>Defendants. | Case No. 21-cv-00047-SPW-KLD<br><br>**DEFENDANT NORTHWESTERN CORPORATION'S PRELIMINARY PRETRIAL STATEMENT** |

COMES NOW Defendant NorthWestern Corporation ("NorthWestern"), by and through its attorneys Dorsey & Whitney LLP, and hereby submits its Preliminary Pretrial Statement pursuant to Local Rule 16.2(b) and the Court's Order dated January 7, 2022, setting the pretrial conference to be conducted via Zoom (Doc. 149) as follows:

A.      **Factual Basis of Case**

NorthWestern is an investor-owned public utility serving customers in Montana, South Dakota, Nebraska, and Yellowstone National Park, and subject to the regulations and oversight of the Montana Public Service Commission. On March 12, 2021, NorthWestern commenced an arbitration against the other five owners of the Colstrip Units 3 and 4 Steam Electric Generating Project and related facilities, located in Colstrip, Montana (the "Project").[1] The ownership and management of the Project is governed by the Colstrip Units 3 and 4 Ownership and Operation Agreement, dated May 6, 1981 (along with each of its four Amendments, the "O&O Agreement"), and NorthWestern commenced the arbitration pursuant to section 18 (Arbitration) of the O&O Agreement.

NorthWestern's dispute centers on the ongoing operation of the Project

---

[1] The Project's six owners are Plaintiffs Portland General Electric Company, Avista Corporation, PacifiCorp, and Puget Sound Energy, Inc. (the "PNW Owners") and Defendants NorthWestern and Talen Montana, LLC ("Talen") (together, the "Owners").

beyond the year 2025. The PNW Owners have insisted on and threatened to take actions that would cause the closure of the Project by 2025 in violation of the O&O Agreement, claiming a majority of the Owners can decide to close the Project. NorthWestern, on the other hand, contends a unanimous vote of the Owners is required to close the Project. Meanwhile, Talen has not declared its position on the level of vote required to close the Project.

On April 13, 2021, after NorthWestern served both its initial and amended demand for arbitration, the Montana Legislature passed Senate Bills 265 and 266. Montana Governor Gianforte signed Senate Bills 265 and 266 into law on May 3, 2021.

Senate Bill 265 amends section 27-5-323 of the Montana Code by adding these provisions:

> Section (2)(a) An agreement concerning venue involving an electrical generation facility in this state is not valid unless the agreement requires that arbitration occur within the state before a panel of three arbitrators selected under the Uniform Arbitration Act unless all the parties agree in writing to a single arbitrator.
>
> (b) For the purposes of this subsection, "electrical generation facility" has the meaning provided in 15-24-3001.
> . . . .
>
> Section 4. [This act] applies retroactively, within the meaning of 1-2-109, to applications made on or after January 1, 2021.

3

S.B. 265, 67th Leg., Reg. Sess. § 1 (Mont. 2021).

Senate Bill 266 amends the Montana Unfair Trade Practices and Consumer Protection Act to create two new unfair or deceptive acts or practices. The first is a "failure or refusal of an owner of a jointly owned electrical generation facility in the state to fund its share of operating costs." Senate Bill 266 § 2(1)(a). The second is "[c]onduct by one or more owners of a jointly owned electrical generation facility in the state to bring about permanent closure of a generating unit of a facility without seeking and obtaining the consent of all co-owners of a generating unit." *Id.* § 2(1)(b). Senate Bill 266 authorizes the Montana Department of Justice to pursue injunctive relief and request a civil fine of up to "$100,000 for each violation," with "[e]ach day of a continuing violation" counting as "a separate offense." *Id.* § 2(2)(a)–(b).

The PNW Owners commenced this action on May 4, 2021 and filed the First Amended Complaint on May 19, 2021. The PNW Owners ask the Court to

> A. Declare that Senate Bill 265 is unconstitutional as applied to Section 18 of the O&O Agreement, due to the Contracts Clause of the Constitution of the United States, Article I, Section 10, Clause 1;
>
> B. Declare that Senate Bill 265 is unconstitutional as applied to Section 18 of the O&O Agreement, due to the Contracts Clause of the Constitution of the State of Montana, Article II, Section 31;
>
> C. Declare that the FAA preempts the enforcement of Senate Bill 265 to Section 18 of the O&O Agreement;

4

D. Issue an injunction prohibiting Defendant Knudsen from enforcing, or seeking to enforce, Senate Bill 266 because that state law violates the Commerce Clause of the United States Constitution;

E. Declare that Senate Bill 266 violates the Commerce Clause of the United States Constitution;

F. Issue an injunction prohibiting Defendant Knudsen from enforcing, or seeking to enforce, Senate Bill 266 because that state law is unconstitutional as applied to the O&O Agreement, due to the Contracts Clause of the Constitution of the United States, Article I, Section 10, Clause 1;

G. Declare that Senate Bill 266 is unconstitutional as applied to the O&O Agreement, due to the Contracts Clause of the Constitution of the United States, Article I, Section 10, Clause 1;

H. Issue an injunction prohibiting Defendant Knudsen from enforcing, or seeking to enforce, Senate Bill 266 because that state law violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

I. Declare that Senate Bill 266 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

Therefore, the threshold questions are the legality of Montana Senate Bills 265 and 266 and whether an arbitration proceeding commenced by NorthWestern should be managed pursuant to the terms of the parties' arbitration provision contained in the O&O Agreement or Montana Code Annotated § 27-5-323.

On October 13, 2021, this Court granted the PNW Owners' motion for

preliminary injunction enjoining enforcement of Senate Bill 266. DOC 100. On December 17, 2021, this Court clarified its preliminary injunction. DOC 138.

To protect NorthWestern and its Montana electricity customers, this controversy needs to proceed to arbitration promptly.

### B. Basis for Jurisdiction and Venue

The PNW Owners and NorthWestern agree that the District Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331, 1332(a)(1), and 1367(a). Under 28 U.S.C. § 1391(b)(2), venue is proper in this Court because Colstrip Units 3 and 4 are located in Rosebud County, Montana.

### C. Factual Basis of Each Claim or Defense

The factual basis for each defense is set forth in Section A, above.

### D. Legal Basis for Each Claim or Defense

NorthWestern interposes the following defenses against the claims asserted by PNW Owners: (1) the Amended Complaint fails to state a claim against NorthWestern upon which relief can be granted; and (2) NorthWestern will suffer significant damages if the arbitration it commenced on March 12, 2021, does not proceed promptly to hearing and an award.

### E. Computation of Damages

NorthWestern asserts no damages at this time.

### F. Pendency or Disposition of any Related Litigation

There are two other lawsuits pending in this district: 21-cv-58-SPW-TJC and 21-cv-90-SPW-TJC. All three lawsuits involve the same parties and essentially the same issues.

### G. Proposed Stipulations of Fact; Choice of Law

NorthWestern will stipulate to the facts set forth in the Statement of Stipulated Facts filed by PNW Owners.

### H. Proposed Deadline for Joinder of Parties/Amendment of Pleadings

NorthWestern proposes April 29, 2022, as the proposed deadline relating to Joinder and Amendment of Pleadings.

### I. Issues of Law Suitable for Pretrial Disposition

NorthWestern believes PNW Owners' requests for declaratory relief are suitable for pretrial disposition. NorthWestern also believes the Court should grant its motion to compel arbitration and appoint a Magistrate Judge to oversee negotiations among the parties regarding arbitrator selection and procedures.

### J. Persons with Information

As this litigation presents a question of constitutional law question and interpretation of federal law, NorthWestern does not believe discovery is necessary.

### K. **Insurance**

Not applicable.

### L. **Status of any Settlement Discussions and Prospects for Compromise**

Time is of the essence. Any delay in resolving this litigation puts NorthWestern's ability to meet the electricity needs of its Montana customers at risk. Therefore, NorthWestern is amendable to settlement discussions. The parties, through their counsel, have been discussing procedures and protocols for proceeding promptly to arbitration, but little progress have been made to date. On December 3, 2021, NorthWestern moved to compel arbitration and to appoint a magistrate judge to oversee negotiations of the process and procedures by which the arbitration NorthWestern commenced on March 12, 2021, and amended on April 2, 2021, will proceed.

### M. **Suitability of Special Procedures**

NorthWestern does not believe special procedures are suitable for this case.

### N. **Issues Pertaining to the Preservation of Electronically Stored Information**

NorthWestern does not currently anticipate any issues regarding discovery of Electronically Stored Information and will confer in good faith on a protocol for producing such materials.

| | |
|---|---|
| DATED:  February 8, 2022 | Respectfully submitted, |

DORSEY & WHITNEY LLP

By: */s/ J David Jackson*
Stephen D. Bell, Esq.
Millennium Building
125 Bank Street, Suite 600
Missoula, Montana 59802-4407
Telephone:  (406) 329-5590
bell.steve@dorsey.com

J David Jackson, Esq. (*Pro Hac Vice*)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2760
jackson.j@dorsey.com