# EXHIBIT A

**DRAFT: For Discussion Only**
**June 25, 2021 2:27 MT**

## Colstrip Units 3 & 4 Dispute Resolution Agreement

Avista Corporation, NorthWestern Corporation, PacifiCorp, Portland General Electric Company, Puget Sound Energy, Inc., and Talen Montana, LLC (the "Parties") enter into this Colstrip Units 3 & 4 Dispute Resolution Agreement (the "Agreement") effective the ___ day of June, 2021 (the "Effective Date"), as follows:

WHEREAS the Parties are co-owners of the Colstrip Units 3 & 4 Steam Electric Generating Project in Colstrip, Montana (the "Project") and parties to the Ownership & Operation Agreement Colstrip Units #3 & #4 dated May 6, 1981, as amended (the "O&O Agreement");

WHEREAS on March 12, 2021 NorthWestern sent an arbitration demand to the other Parties and on April 2, 2021 sent them an amended arbitration demand (the "Amended Demand");

WHEREAS on April 14, 2021 Avista Corporation, PacifiCorp, Portland General Electric Company, and Puget Sound Energy, Inc. (the "Pacific Northwest Parties") filed a lawsuit against NorthWestern Corporation ("NorthWestern") and Talen Montana, LLC ("Talen Montana") in the Superior Court of the State of Washington for Spokane County (the "Spokane County Case");

WHEREAS on May 4, 2021 the Pacific Northwest Parties filed a lawsuit against NorthWestern and Talen Montana in the United States District Court for the District of Montana, Billings Division, where it remains pending under No. 1:21-cv-00047-SPW-KLD, and on May 17, 2021 amended their complaint to allege a claim against the Attorney General of Montana (the "Montana Federal Case");

WHEREAS on May 4, 2021 Talen Montana filed a lawsuit against the Pacific Northwest Parties and NorthWestern in the Thirteenth District Court of Yellowstone County, Montana (the "Yellowstone County Case");

WHEREAS on May 10, 2021 Talen Montana removed the Spokane County Case to the United States District Court for the Eastern District of Washington, Spokane Division, where it remains pending under No. 2:21-cv-00163;

WHEREAS on May 17, 2021 the Pacific Northwest Parties removed the Yellowstone County Case to the United States District Court for the District of Montana, Billings Division, where it remains pending under no. 1:21-cv-00058-SPW-TJC;

WHEREAS the Parties have filed and responded to various motions to remand, for preliminary injunction, for transfer or dismissal, and for consolidation in the three pending cases;

WHEREAS the Parties have negotiated extensively regarding potential terms and conditions of an agreement for proceeding with arbitration of existing disputes relating to the Project and and for staying or dismissing the three pending cases;

WHEREAS the Parties wish to enter into this Agreement to document the terms and conditions they mutually accept;

**DRAFT: For Discussion Only**
**June 25, 2021 2:27 MT**

NOW, THEREFORE, in consideration of the Parties' mutual promises and other good and valuable consideration, the receipt and sufficiency of which they each acknowledge, the Parties agree to the following terms and conditions:

1. The Parties will select one arbitrator, who will be neutral and independent, to resolve existing disputes relating to the Project (the "Disputes") under Section 18 of the O&O Agreement, as modified by this Agreement (the "Hearing Arbitrator"). To qualify for selection as the Hearing Arbitrator, an arbitrator-candidate must be (a) listed on the Energy & Utilities roster of JAMS neutrals, the Institute for Energy Law Energy Arbitrators List, or the American Arbitration Association National Energy Panel and be (b) either (i) a retired federal magistrate or district judge or (ii) a practicing lawyer with at least 15 years of experience in complex commercial litigation and some experience in litigation relating to fossil-fuel power generation (the "Selection Criteria").

2. Within 3 business days after the Effective Date, the Pacific Northwest Parties as a group, NorthWestern, and Talen Montana will each email to the other Parties a list of up to 5 arbitrator-candidates who meet the Selection Criteria in rank order. Each list must disclose as to each arbitrator-candidate all relationships and circumstances that reasonably suggest probable bias for or against a Party, a Party's position in the arbitration, a law firm, or a lawyer representing a Party. The Parties will not inform any arbitrator-candidate on any of the lists that they are being considered to serve as an arbitrator either before or after the lists are emailed.

3. Within 10 business days after the Effective Date, the Pacific Northwest Parties as a group, NorthWestern, and Talen Montana may each move to strike arbitrator-candidates on grounds of probable bias for or against a Party, a Party's position in the arbitration, or a law firm or a lawyer representing a Party or a failure to qualify under the Selection Criteria. Counsel must email any motions to strike to counsel for all Parties and must include in the email a brief explanation of the ground or grounds for each strike.

4. Each of NorthWestern, the Pacific Northwest Parties as a group, and Talen Montana may strike without cause no more than a total of 2 arbitrator-candidates at any time before they accept appointment as the Selecting Arbitrator or are offered appointment as the Hearing Arbitrator. To be effective, any without-cause strike must be timely emailed to counsel for the non-striking Parties.

5. If the the Pacific Northwest Parties as a group, NorthWestern, and Talen Montana agree on a Hearing Arbitrator within 10 business days after the Effective Date, the Parties will jointly request the agreed-upon arbitrator-candidate to serve as the Hearing Arbitrator. Upon accepting appointment, the arbitrator-candidate will become the Hearing Arbitrator and will be authorized to preside over the arbitration and hear and decide the Disputes in accordance with applicable law.

6. If the Parties do not agree on a Hearing Arbitrator within 10 business days after the Effective Date or the agreed-upon arbitrator-candidate is for any reason not appointed, the

**DRAFT: For Discussion Only**
**June 25, 2021 2:27 MT**

>Parties will randomly select 1 of the 3 remaining (after any timely exercise of a without-cause strike) arbitrator-candidates who were ranked highest on the lists, respectively, of NorthWestern, the Pacific Northwest Parties as a group, and Talen Montana to choose the Hearing Arbitrator from among the remaining arbitrator-candidates (the "Selecting Arbitrator"). If the randomly-selected arbitrator-candidate declines to serve, is subject to a motion to strike for cause, or before accepting appointment as the Selecting Arbitrator is struck without cause, the Parties will repeat the random-selection process until the Selecting Arbitrator is chosen and accepts appointment.

5. The Selecting Arbitrator must resolve the Parties' for-cause strikes of arbitrator-candidates within 10 business days after accepting appointment. After the Parties exercise any remaining without-cause strikes they may have, the Selecting Arbitrator will select from among the remaining arbitrator-candidates the one who, in the Selecting Arbitrator's judgment, is best suited to serve as the Hearing Arbitrator. If for any reason the arbitrator-candidate selected by the Selecting Arbitrator is not appointed, the Selecting Arbitrator will select the arbitrator-candidate who, in the Selecting Arbitrator's judgment, is the next best suited to serve as the Hearing Arbitrator and will repeat the process if and to the extent necessary.

7. Within 7 calendar days after the Hearing Arbitrator accepts appointment, the Parties will (a) move to dismiss the Spokane County Case, the Montana Federal Case, and the Yellowstone County Case without prejudice, each Party to bear its own costs, and (b) exchange proposals for the rules, protocols, and procedures to govern the arbitration, including a schedule for discovery, motion practice, and the final hearing. If the Parties do not reach agreement regarding the rules, protocols, and procedures to govern the arbitration within 14 calendar days after the Hearing Arbitrator accepts appointment, any Party may request the Hearing Arbitrator to adopt specific rules, protocols, or procedures to govern the arbitration or a schedule for discovery, motion practice, and the final hearing.

8. Live arbitration proceedings will take place in Denver, Colorado, unless all Parties agree otherwise.

9. Montana law will govern this Agreement and the arbitration.

10. The Hearing Arbitrator must issue a reasoned, written award within 30 days of the conclusion of the arbitration proceedings.

11. The Hearing Arbitrator's award may be appealed pursuant to the JAMS Optional Appeal Procedure.

12. The courts of Montana will have exclusive jurisdiction over any effort to enforce this Agreement and to confirm, modify, challenge, or set aside the arbitral award.