Charles E. Hansberry
HANSBERRY & JOURDONNAIS, PLLC
2315 McDonald Avenue, Suite 210
Missoula, MT 59801
Tel: (406) 203-1733
Fax: (406) 205-3170
chuck@hjbusinesslaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY; AVISTA CORPORATION; PACIFICORP;** and **PUGET SOUND ENERGY, INC.**,<br><br>Plaintiffs,<br>v.<br><br>**NORTHWESTERN CORPORATION; TALEN MONTANA, LLC, AUSTIN KNUDSEN**, in his official capacity as Attorney General for the State of Montana<br><br>Defendants. | No. 21-cv-00047-BLG-SPW-KLD<br><br>**RULE 26(f) JOINT DISCOVERY PLAN** |

The parties, Portland General Electric Company, Avista Corporation, PacifiCorp, Puget Sound Energy, Inc. (collectively, “Plaintiffs” or the “PNW Owners”), NorthWestern Corporation (“NorthWestern”), Talen Montana, LLC (“Talen Montana”), and Austin Knudsen in his official capacity as the Attorney General for the State of Montana (“Attorney General”), by and through their

respective attorneys of record, submit this Joint Discovery Plan. Unfortunately, the parties could not reach agreement regarding a number of issues.

The parties met and conferred on December 9, 2021, to discuss the matters set forth in Fed. R. Civ. P. 26(f), and submit the following for the Court's consideration:

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties do not recommend any changes to the timing, form, and requirements for Initial Disclosures required by Fed. R. Civ. P. 26(a). Attorney General Knudsen served his Initial Disclosures on November 16, 2021. The other parties all served their Initial Disclosures on or before December 27, 2021.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**1. Plaintiffs**

The issues in this proceeding are legal issues regarding the legality of Montana Senate Bills 265 and 266. There are no issues of material fact and, therefore, discovery is unnecessary for the Court to rule on Plaintiffs' pending Motion for Partial Summary Judgment Regarding Their Fourth and Fifth Claims for Relief (Doc. 102 – "SB 266 Motion") or Plaintiffs' pending Motion for Partial Summary Judgment Regarding Their First, Second, and Third Claims for Relief

(Doc. 88 – "SB 265 Motion"). The SB 265 Motion was fully briefed on September 28, 2021; the SB 266 Motion was fully briefed on December 31, 2021.

In the event the SB 266 Motion and SB 265 Motion are not both granted in full, Plaintiffs propose that the Court then hold a status conference pursuant to Local Rule 16.1(c) to address the scope of permissible discovery for the remaining claims and to set an accelerated discovery deadline appropriate for limited discovery.

**2. NorthWestern**

The PNW Owners filed this action on May 4, 2021, and filed the First Amended Complaint on May 19, 2021. The PNW Owners asked the Court to

> A. Declare that Senate Bill 265 is unconstitutional as applied to Section 18 of the O&O Agreement, due to the Contracts Clause of the Constitution of the United States, Article I, Section 10, Clause 1;
>
> B. Declare that Senate Bill 265 is unconstitutional as applied to Section 18 of the O&O Agreement, due to the Contracts Clause of the Constitution of the State of Montana, Article II, Section 31;
>
> C. Declare that the FAA preempts the enforcement of Senate Bill 265 to Section 18 of the O&O Agreement;
>
> D. Issue an injunction prohibiting Defendant Knudsen from enforcing, or seeking to enforce, Senate Bill 266 because that state law violates the Commerce Clause of the United States Constitution;
>
> E. Declare that Senate Bill 266 violates the Commerce Clause of the United States Constitution;

  F. Issue an injunction prohibiting Defendant Knudsen from enforcing, or seeking to enforce, Senate Bill 266 because that state law is unconstitutional as applied to the O&O Agreement, due to the Contracts Clause of the Constitution of the United States, Article I, Section 10, Clause 1;

G. Declare that Senate Bill 266 is unconstitutional as applied to the O&O Agreement, due to the Contracts Clause of the Constitution of the United States, Article I, Section 10, Clause 1;

H. Issue an injunction prohibiting Defendant Knudsen from enforcing, or seeking to enforce, Senate Bill 266 because that state law violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

I. Declare that Senate Bill 266 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

Therefore, the threshold questions are the legality of Montana Senate Bills 265 and 266 and whether an arbitration proceeding commenced by NorthWestern should be managed pursuant to the terms of the parties' arbitration provision contained in the O&O Agreement or Montana Code Annotated § 27-5-323.

This litigation does not require discovery.

**3. Talen Montana**

Discovery will be necessary. Talen Montana has opposed each of Plaintiffs' motions for partial summary judgment, including by submitting Rule 56(d) declarations explaining how many of Plaintiffs' arguments rely on disputed

factual assertions that require discovery. Dkt. 93-1 (claims relating to SB 265); Dkt. 129-2 (claims relating to SB 266). For example, to defend against Plaintiffs' SB 265 claims, Talen Montana would take discovery to test Plaintiffs' assertions about the original contracting parties' choice of law in 1981 and whether Montana in fact has "many options" available if Plaintiffs succeed in forcing closure of Colstrip Units 3 and 4. Dkt. 93-1 ¶ 6 (quoting Dkt. 89 at 23). To defend against Plaintiffs' SB 266 claims, Talen Montana will need to take discovery to refute Plaintiffs' assertions that they are already suffering harm from SB 266's enactment and to prove that SB 266 advances the statutory purposes of ensuring the reliable supply of electricity for Montanans and protecting the safety of Colstrip's workers. Dkt. 129-2 ¶ 5. Defendant, Austin Knudsen, in his official capacity as Attorney General for the State of Montana, has already propounded interrogatories, requests for admission, and document requests on Plaintiffs. *See* Dkt. No. 118-1 (copy of discovery requests).

Discovery should proceed on a standard case schedule. Plaintiffs have filed a 44-page Complaint replete with disputed factual allegations, Dkt. 32, in addition to numerous factual declarations in support of their various motions, Dkts. 39-2, 39-3, 39-4, 39-5, 88-1, 105, 106. Expert discovery will also be necessary, as explained below. Plaintiffs offer no basis for their suggestion that discovery proceed on an accelerated basis.

**4. Attorney General Knudsen**

The Attorney General disagrees with Plaintiffs that discovery is unnecessary. The Attorney General served discovery requests on Plaintiffs on November 10, 2021, seeking discovery on, among other things:

- Governmental mandates faced by Plaintiffs that allegedly require them to shut down Units 3 and 4 of the Colstrip power plant ("Colstrip");
- Documents and information regarding contract disputes between the owners and operators of Colstrip;
- The status of arbitration proceedings and related information;
- Information regarding the alleged "expense of out-of-state utilities necessarily seeking to comply with certain governmental mandates to eliminate the use of coal-fired electricity";
- Information regarding how SB 266 impairs Plaintiffs' contract rights, including the bases for Plaintiffs' interpretation of the Ownership and Operation ("O&O") Agreement;
- Information regarding each Plaintiff's customer base and their inability to serve those customers using Colstrip;
- Information regarding the O&O Agreement and how the parties have interpreted it historically;
- Information regarding Plaintiffs' plans for transitioning from Colstrip;
- Information regarding past budget approvals;
- Information regarding Plaintiffs' statement that SB 266 "would punish Colstrip owners for exercising their rights under the O&O Agreement";
- Information regarding Plaintiffs' claim that SB 266 discriminates against them;

- Information regarding how Plaintiffs are allegedly burdened by SB 266 and their claim that "[t]he burdens on [Plaintiffs] are great";
- Information regarding alleged harm caused to Plaintiffs by SB 266;
- Documents and information regarding Plaintiffs' alleged obligation to remove Colstrip from their energy portfolio and steps they have taken to do so;
- Persons with knowledge of Plaintiffs' allegations; and
- Plaintiffs' long-term electricity portfolio plans and the impact of potential closure of Colstrip.

These topics relate to the issues of standing (including the issues of traceability and redressability of alleged injury), ripeness for arbitration, the relationship and interplay between the contractual obligations under the Ownership and Operation Agreement dated May 6, 1981 ("O&O Agreement") and the contested legislation, Plaintiffs' claimed legal obligations regarding Units 3 and 4 of the Colstrip power plant, government mandates to which Plaintiffs claim to be subject, attempts to sell Units 3 and 4, and many other allegations of Plaintiffs' pleadings and dispositive motions.

The Attorney General believes discovery on these matters, prior to a ruling on the legality of SB 265 and SB 266, is necessary because discovery may assist the Court in analyzing the question of whether Plaintiffs have standing to sue. Whether—and the extent to which—Plaintiffs are allegedly harmed by SB 266 is central to claims set forth in their Complaint that SB 266 is discriminatory in

violation of the federal commerce clause, that keeping Colstrip open is detrimental to them, and that SB 266 contravenes the language of the O&O Agreement. Such discovery relates to the issues of traceability and redressability, both of which are necessary for Article III standing. Discovery is also necessary to respond to Plaintiffs' summary judgment allegations that SB 266 impairs Plaintiffs' contract rights, harms them, and is discriminatory. Discovery may show that SB 266 does not interfere with Plaintiffs' contract rights under the O&O Agreement, thus negating Plaintiffs' Contract Clause claim.

Importantly, the State—not being an owner or operator or a party to the arbitration proceedings—is severely disadvantaged by not having access to information Plaintiffs possess about the effect of legislative mandates in other states, estimates of the useful life of Units 3 and 4, economic impacts of not closing Units 3 and 4, arbitration proceedings among owners and operators, and discussions of these issues among owners and operators.

The Attorney General has offered to narrow several of his first requests in response to Plaintiffs' concerns. Plaintiffs have still refused to meaningfully respond to many of the Attorney General's requests. Absent meaningful discovery, the State is not in a position to verify the twelve pages of purportedly undisputed facts alleged by Plaintiffs in support of their SB 265 and SB 266 motions. The Attorney General has asked the Court to stay a ruling on the SB 265

and SB 266 Motions pending arbitration or, alternatively, until this discovery can take place. (Docs. 116, 117.)

### C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

Each party will file their Preliminary Pretrial Statement addressing all matters listed in L.R. 16.2(b)(1) by February 8, 2022. Plaintiffs will file one joint statement.

The parties agree the following deadlines and provisions shall govern discovery in this case pursuant to Fed. R. Civ. P. 26(f)(3)(B):

#### 1. Begin Discovery

Each party may commence discovery immediately upon exchanging Initial Disclosures with the other parties in compliance with Fed. R.Civ. P. 26(d).

#### 2. Conclude Discovery

##### a. Plaintiffs

Plaintiffs propose that fact discovery will conclude upon issuance of decisions granting the SB 266 Motion and SB 265 Motion. As discussed above, if the SB 266 Motion and SB 265 Motion are not both granted in full, Plaintiffs propose that the Court hold a status conference to address the scope of permissible discovery for the remaining claims and to set an accelerated discovery deadline

appropriate for limited discovery. As discussed below, Plaintiffs propose that expert discovery will conclude thirty (30) days after fact discovery.

**b. NorthWestern**

NorthWestern agrees with Plaintiffs' proposal.

**c. Talen Montana**

Plaintiffs' challenge to these two Montana statutes should be subject to the standard discovery afforded by the Federal Rules of Civil Procedure without unnecessary scope and temporal limitations not already found in those rules. Talen Montana does not object to Plaintiffs' request for a separate expert discovery deadline, but believes that expert discovery should close 90 days after the close of fact discovery.

**d. Attorney General Knudsen**

The Attorney General proposes that discovery as outlined by the Attorney General above be allowed for six months following a ruling on the State's Motion to Stay. The State agrees with Plaintiffs' proposal that expert discovery conclude thirty (30) days after fact discovery.

**3. Expert Disclosures**

**a. Plaintiffs**

Plaintiffs propose deadlines for simultaneous disclosures of (a) affirmative expert reports thirty (30) days before the fact discovery cutoff, and (b) rebuttal

expert reports forty-five (45) days after the deadline for affirmative expert reports. All expert disclosures shall be made in compliance with Fed. R. Civ. P. 26(a)(2).

**b. NorthWestern**

NorthWestern agrees with Plaintiffs' proposal.

**c. Talen Montana**

Talen Montana proposes that the parties simultaneously disclose affirmative expert reports 30 days after the fact discovery cutoff, and rebuttal expert reports 45 days after the deadline for affirmative expert reports. Talen Montana agrees that expert disclosures should be made under Fed. R. Civ. P. 26(a)(2).

**d. Attorney General Knudsen**

The Attorney General agrees with Plaintiffs' proposal for disclosure of experts.

**4. Service of Discovery Requests**

All party and third-party discovery requests shall be served with sufficient time for answers, responses, and objections thereto to be served by the discovery deadline.

**5. Other Issues for Resolution by the Court**

Other than as noted above, the parties are not presently aware of, and do not anticipate, any issues that need to be resolved by the Court regarding the disclosure, discovery, or preservation of electronically stored information. The parties will

submit a Stipulated Protective Order that governs discovery, designation of confidential information, and protection of such information for the purposes of this litigation.

**D. Any issues about the claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties are not presently aware of, and do not anticipate, any issues that need to be resolved by the Court regarding claims of privilege or protection of trial preparation materials.

All parties can agree to serve a privilege log for any information and documents withheld from production within twenty-eight (28) days of such production. All parties agree that if the producing party elects to produce documents on a rolling basis, then the producing party shall produce a privilege log identifying any withheld or redacted documents within twenty-eight (28) days of the partial production and supplement the privilege log with any additional withheld information and documents within twenty-eight (28) days of each subsequent production.

The parties agree that email communication solely between litigation counsel and their own client need not be listed in privilege logs and that the parties will identify such litigation counsel to each other by name and email address. For

each withheld or redacted document listed on the privilege log, the producing party shall provide the following information: (1) the identities of the document's author(s); (2) the identities of all recipients and addressees to whom the document was sent; (3) the date the document was created; (4) the nature and subject matter of the document with sufficient detail to identify the document without disclosing privileged or protected information; and (5) the basis for withholding or redacting the document.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not request any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure (Rules 26-37) and District of Montana Local Rules except to the extent a party specifically requests such a change in this Joint Discovery Plan.

The parties agree that discovery and pleadings shall be served via e-mail to all counsel of record.

The parties agree to endeavor to avoid duplicating production of documents under different Bates numbers. Instead of producing duplicate documents, any party may refer to the Bates numbers of documents produced by another party when identifying documents within its possession or control or responsive to a discovery request.

**F. Any other orders that the Court should issue under Rule 26(c) or under Rules 16(b) and (c).**

None anticipated at this time. The parties will advise the Court should the need for such an order arise during the course of discovery.

**G. Likely areas of expert testimony.**

**1. Plaintiffs**

At this time, Plaintiffs do not anticipate offering expert testimony concerning any of the parties' claims or defenses in this action, but reserve the right to do so based on later developments.

**2. NorthWestern**

This litigation presents a question of constitutional law and interpretation of federal law and does not require expert testimony.

**3. Talen**

Expert discovery will be required. At this point, Talen Montana plans to submit expert testimony on the following topics:

- Whether Colstrip will as of 2026 be incapable of operating consistent with prudent utility practice, including whether it is possible to make such a determination at this time
- Whether underfunding or prematurely closing Colstrip will threaten Montana's energy supply and the safety of Colstrip's workers.

- Plaintiffs' alleged need to close Colstrip in response to Washington and Oregon laws relating to the importation of coal-generated electricity
- Plaintiffs' claims that Montana has realistic "many options" available for electricity generation if Plaintiffs succeed in forcing closure of Colstrip Units 3 and 4. Dkt. 89 at 23.

The need for additional expert testimony may arise as discovery proceeds.

**4. Attorney General Knudsen**

The Attorney General has not identified likely areas of expert testimony at this time but reserves the right to retain and timely disclose expert witnesses after the State has received meaningful discovery in this case.

DATED this 8th day of February, 2022.

HANSBERRY & JOURDONNAIS, PLLC

By: *s/ Charles E. Hansberry*
Charles E. Hansberry
chuck@hjbusinesslaw.com
Jenny M. Jourdonnais
jenny@hjbusinesslaw.com
2315 McDonald Avenue, Suite 210
Missoula, MT 59801
Tel: (406) 203-1733
Fax: (406) 205-3170

*Attorneys for Plaintiffs*

MARKOWITZ HERBOLD PC

By: *s/ Dallas DeLuca*
Dallas DeLuca
dallasdeluca@markowitzherbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201-3412

*Attorneys for Plaintiff Portland General Electric Company*

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Connie Sue Martin*
Troy Greenfield, WSBA #21578
tgreenfield@schwabe.com
Connie Sue Martin, WSBA #26525
csmartin@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Tel: 206-622-1711
Fax: 206-292-0460

*Attorneys for Plaintiff PacifiCorp*

UGRIN ALEXANDER ZADICK & HIGGINS

By: *s/ Gary M. Zadick*
Gary M. Zadick
gmz@uazh.com
PO Box 1746
Great Falls, MT 59403-1746

*Attorneys for Plaintiff Portland General Electric Company*

KSB LITIGATION P.S.

By: *s/ William J. Schroeder*
William J. Schroeder
William.schroeder@Ksblit.legal
510 W Riverside, Suite 300
Spokane, WA 99201
Tel: (509) 624-8988
Fax: (509) 474-0358

*Attorney for Plaintiff Avista Corporation*

AVISTA CORPORATION

By: *s/ Michael G. Andrea*
Michael G. Andrea
Michael.Andrea@avistacorp.com
1411 W Mission Ave—MSC-17
Spokane, WA 99202
Tel: (509) 495-2564
Fax: (509) 777-5468

*Attorney for Plaintiff Avista Corporation*

PERKINS COIE

By: *s/ Jeffrey M. Hanson*
Harry H. Schneider, Jr.
hschneider@perkinscoie.com
Jeffrey M. Hanson
jhanson@perkinscoie.com
Gregory F. Miller
gmiller@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

*Attorneys for Plaintiff Puget Sound Energy, Inc.*

DORSEY & WHITNEY

By: *s/ J. David Jackson*
J. David Jackson
jackson.j@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

*Attorneys for Defendant NorthWestern Corp.*

DORSEY & WHITNEY

By: *s/ Stephen D. Bell*
Stephen D. Bell
bell.steve@dorsey.com
125 Bank Street, Millennium Building, Suite 600
Missoula, MT 59802-4407

*Attorneys for Defendant NorthWestern Corp.*

BROWN LAW FIRM, P.C.

By: *s/ Robert L. Sterup*
Robert L. Sterup
rsterup@brownfirm.com
315 North 24th Street
Billings, MT 59101

*Attorneys for Defendant Talen Montana, LLC*

SUSMAN GODFREY LLP

By: *s/ Adam Carlis*
Adam Carlis
acarlis@susmangodfrey.com
Barry Barnett
bbarnett@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Alexander P. Frawley
afrawley@susmangodfrey.com
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019

*Attorneys for Defendant Talen Montana, LLC*

JONES LAW FIRM

By: *s/ Emily Jones*
Emily Jones
emily@joneslawmt.com
115 N Broadway, Suite 410
Billings, MT 59101

*Attorneys for Defendant Austin Knudsen, in his official capacity as Attorney General for the State of Montana*

**CERTIFICATE OF SERVICE**

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

DATED: February 8, 2022.

*s/ Dallas DeLuca*
Dallas DeLuca (admitted *Pro Hac Vice*)
*Attorneys for Plaintiff Portland General Electric Company*

1242070

**Page 19 – RULE 26(f) JOINT DISCOVERY PLAN**