**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY; AVISTA CORPORATION; PACIFICORP;** and **PUGET SOUND ENERGY, INC.,**<br>Plaintiffs,<br><br>**v.**<br><br>**NORTHWESTERN CORPORATION; TALEN MONTANA, LLC; AUSTIN KNUDSEN,** in his official capacity as Attorney General for the State of Montana,<br><br>Defendants. | Case No. 1:21-cv-00047-SPW-KLD |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties, and good cause shown, this Court enters the following Protective Order, to govern the discovery and protection of proprietary, copyrighted, and confidential commercial information, which has been or may be subject to discovery in the above-captioned proceeding whether exchanged between the parties or obtained through third-party discovery:

1. This Protective Order governs the parties' access to, use, and

distribution of information designated as "Confidential" in this proceeding. For purposes of this Protective Order,

(a) the "parties" are the named parties in this proceeding and their direct or indirect parent entities. (The term "parties" does not include any other person, affiliate, or government office or agency.);

(b) "Colstrip Owners" are the named plaintiffs and defendants NorthWestern Corporation and Talen Montana, LLC.

2. For purposes of this Protective Order, the terms "information," "document," and "material" include any document, thing, pleading, discovery response, deposition testimony, and all other material that is produced or disclosed through discovery in this action, to the extent it has been designated as "Confidential." In addition to "information," "documents," and "materials," this Protective Order shall also govern any discovery material and/or paper filed with the Court in this proceeding that includes or reveals the substance of any information designated as "Confidential" by a party. This Protective Order shall also govern all information derived from such discovery material and/or papers and all copies, excerpts, or summaries of them.

3. A party that produces or otherwise discloses information (the

"Producing Person") may designate that information "Confidential" if it contains non-public trade secrets or other non-public, competitively sensitive research, development, financial, or commercial information, or any other information that, if publicly disclosed, could be used to the competitive detriment of the Producing Person or would violate the Producing Person's confidentiality and/or privacy policies and/or agreements, including without limitation policies and/or agreements with employees, customers, or third parties.

4. Information that is publicly available may not be designated as Confidential. The designation of material as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise and shall have effect only to the extent and for the purposes of this Order. A "Confidential" designation shall be without prejudice to documents and information already possessed or known by a party that receives the material through discovery in this action. Therefore, this Protective Order does not govern any documents or information already possessed or known by a party regardless of whether that party independently receives the material through discovery in this action.

5. All timely designated Confidential information shall be treated as confidential during and throughout the pendency of this action. Confidential information shall be used by the non-producing parties ("Receiving Parties") solely

for the purposes of this litigation and not for any other purpose, except that Confidential information commonly known by or previously shared among the Colstrip Owners may be used by the Colstrip Owners for purposes other than this proceeding. For the sake of clarity, Defendant Austin Knudsen in his official capacity as the Attorney General of the State of Montana, does not include any employee or official of the State of Montana other than those within the Attorney General's office whose participation is directly necessary for the prosecution of this matter. Control and distribution shall be the responsibility of the attorneys of record.

6. The Receiving Parties shall not disclose Confidential information or information derived from such Confidential information to any person except as provided in this Protective Order.

7. "Confidential" materials and information derived from them may be disclosed by a Receiving Party only to the following persons and only for the purposes of conducting this litigation:

(a) outside counsel of record for the parties, and the administrative staff of outside counsel's firms working on this litigation;

(b) in-house counsel for the parties, and the administrative staff for each in-house counsel working on this litigation;

(c) every employee, director, officer, or manager of a party or the

direct or indirect parent of a party, but only to the extent necessary to prosecute the claims or defenses in this litigation, and the term "party," as relevant for Defendant Austin Knudsen, excludes any employee, director, officer, manager, or official of the State of Montana other than those within the Attorney General's office whose participation is directly necessary for the prosecution of this litigation;

(d) independent consultants or expert witnesses (including partners, associates, and employees of the firm that employs such consultant or expert) retained by a party or its attorneys for purposes of this proceeding, but only to the extent necessary to prosecute the claims or defenses in this litigation;

(e) the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this proceeding;

(f) the authors and the original recipients of the documents;

(g) any court reporter or videographer reporting a deposition;

(h) employees of copy services, microfilming or database services,

trial support firms, and/or translators who are engaged by the parties during the litigation of this proceeding;

(i) any mediator selected by all parties and the mediator's staff; or

(j) any other person agreed to in writing and in advance of such disclosure by the parties.

8. Before providing any information designated "Confidential" to any person listed under paragraphs 7(d), (g), (h), (i), or (j), the Receiving Party shall advise that individual that Confidential information is being disclosed pursuant to and subject to the terms of this Protective Order, provide that individual with a copy of this Protective Order, and secure from such individual an executed acknowledgment in the form of Attachment A to this Protective Order.

9. Confidential information or any reference to the substance of Confidential information shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, or documents filed in this case, except when any portion(s) of such pleadings, motions, briefs, or documents containing Protected Material have been filed under seal by counsel. The Parties will follow the Court's rules, including Local Rule 5.2, when seeking to file material under seal.

10. The admissibility, confidentiality, and use of all Protected Material at hearings and trial shall be subject to the orders of the Court.

11. A Producing Party or designating party may invoke the protections in this Protective Order by following the procedures set forth below:

(a) With respect to documents being produced, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order. To the extent a document contains some Confidential information and some non-confidential information, a party may designate the entire document for treatment as "Confidential" within the scope of this Protective Order.

(b) With respect to answers to interrogatories or requests for admissions, the specific responses containing Confidential information shall be clearly marked with the designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order.

(c) With respect to any deposition, such treatment may be invoked by designating specific portions of testimony as "Confidential" on the record at the deposition and serving such designations within twenty-one (21) calendar days of receipt of the transcript of the deposition in which the designations are made. The entirety of all deposition transcripts shall be treated as Confidential for the twenty-one (21) day period following receipt of the transcript. For the avoidance of doubt, any portion of the transcript

designated as "Confidential" before the expiration of those 21 calendar days will immediately receive the protections such designation affords.

(d) If a document produced pursuant to a third-party subpoena or discovery request is not marked by the Producing Person as Confidential, any Receiving Party may identify the document to all other Parties as Confidential under this Protective Order. Any Receiving Party seeking to designate a document as Confidential under this section must do so within twenty-one (21) calendar days of receipt of the document. The designating party will then produce a replacement version of this document bearing the appropriate designation.

(e) Failure to timely designate a document or transcript as Protected Material does not waive its confidential status but will serve as a defense to any interim disclosure.

(f) Inadvertent disclosure of Confidential information or privileged documents or information shall not be deemed a waiver. If information that could be designated as Confidential is inadvertently produced without the designation "Confidential," a party may nevertheless assert the confidentiality of the information upon learning of the inadvertent disclosure by providing written notice of such to all parties. A party who has in good faith disclosed to third parties any material produced without the

"Confidential" designation is not in violation of this Order if the Producing Party later asserts the confidentiality of the information. The parties agree that the same protocol will apply to the inadvertent production of privileged documents and/or materials as well, and, upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice.

(g) Nothing in this Protective Order shall be deemed to waive any claim of attorney-client privilege or of work product immunity. To expedite the production of information, both among the Parties and from third parties, the Parties agree as follows. If a document or other information subject to a claim of attorney-client privilege, attorney work product, or any other ground upon which production of such information may be withheld from any party is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which the Producing Person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to documents or information then in the custody of another party, such party shall immediately return the same to the Producing Person or destroy that material as to which the claim of inadvertent production has been made

(including all copies thereof) and no use shall be made of such documents or information for any purpose. The return or destruction of such materials shall not prevent or preclude the party or parties returning such material from later moving the Court for an order compelling production of the material on other grounds, but any such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production; nor shall such motion include or otherwise disclose, as an attachment or exhibit or otherwise, the material (or any portion thereof) which is the subject of such motion, but the motion may describe the participants to any communication and the topic of discussion so long as it does not reveal the substance of the material claimed to be protected. The Producing Person also agrees to submit a copy of the material to the Court for *in camera* review.

12. If any party to this proceeding at any time disagrees with the propriety of a "Confidential" designation, such party shall give the designating party or entity written notice of its disagreement. The challenging party may seek appropriate relief from the Court upon notice of at least ten (10) calendar days to the other Parties. The party designating information as "Confidential" shall bear the burden of establishing the confidential nature of the material. Any information designated as Confidential shall remain subject to the terms of this Protective

Order unless and until otherwise provided by order of the Court. All Parties will make best efforts to resolve their disagreements as to confidentiality before submitting them to the Court. As part of these efforts, the designating party must assess and the Receiving Party must address whether redaction is a viable alternative to complete non-disclosure.

13. In the event that a Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand, or other similar process or by applicable laws, rules, or regulations) to disclose any information designated as Confidential by a different party, the Receiving Party shall provide all other parties with written notice of the request or requirement within fourteen (14) calendar days of receipt of the same, so that the other parties may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order. If, in the absence of a protective order or other remedy or the receipt of a waiver by the other parties, the party is nonetheless legally compelled to disclose Confidential information, the party may, without risk of liability hereunder, disclose that portion of the Confidential information that counsel advises must be disclosed provided that timely written notice of the request or requirement has been made within fourteen (14) calendar days of receipt of the same to the other parties.

14. Upon the request of the Producing Person, within 90 days of the entry of a final judgment no longer subject to appeal or further appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, each document designated "Confidential," including all copies of each document and all excerpts or summaries of them, shall, to the extent permitted by law, be either returned to the Producing Party or destroyed; provided, however, that the requirement to return or destroy Confidential information shall not apply to unsearchable electronic archives. In addition, outside litigation counsel for the Parties shall be entitled to maintain for its files copies of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial. Any Confidential information retained shall remain subject to the terms of this Protective Order for a period of ten (10) years after the entry of a final non-appealable order disposing of all issues in this proceeding.

DATED this ____ day of _____, 2022.

______________________________

[Magistrate/District Judge
United States District Court]

STIPULATED AS TO FORM AND CONTENT:

DATED: April 12, 2022

| HANSBERRY & JOURDONNAIS, PLLC<br><br>*s/ Charles E. Hansberry*<br>Charles E. Hansberry<br>chuck@hjbusinesslaw.com<br>Jenny M. Jourdonnais<br>jenny@hjbusinesslaw.com<br><br>MARKOWITZ HERBOLD PC<br>David B. Markowitz (admitted *pro hac vice*)<br>DavidMarkowitz@Markowitzherbold.com<br>Dallas DeLuca (admitted *pro hac vice*)<br>DallasDeLuca@Markowitzherbold.com<br><br>Ugrin Alexander Zadick, P.C.<br>Gary M. Zadick<br>gmz@uazh.com<br><br>*Attorneys for Plaintiff Portland General Electric Company* | HANSBERRY & JOURDONNAIS, PLLC<br><br>*s/ Charles E. Hansberry*<br>Charles E. Hansberry<br>chuck@hjbusinesslaw.com<br>Jenny M. Jourdonnais<br>jenny@hjbusinesslaw.com<br><br>AVISTA CORPORATION<br>Michael G. Andrea (*admitted pro hac vice*)<br>michael.andrea@avistacorp.com<br><br>KSB LITIGATION, P.S.<br>William J. Schroeder (*admitted pro hac vice*)<br>william.schroeder@ksblit.legal<br><br>*Attorneys for Plaintiff Avista Corporation* |
|---|---|

| HANSBERRY & JOURDONNAIS, PLLC<br><br>*s/ Charles E. Hansberry*<br>Charles E. Hansberry<br>chuck@hjbusinesslaw.com<br>Jenny M. Jourdonnais<br>jenny@hjbusinesslaw.com<br><br>SCHWABE WILLIAMSON & WYATT<br>Connie Sue Martin (admitted *pro hac vice*)<br>csmartin@schwabe.com<br>Troy D. Greenfield (admitted *pro hac vice*)<br>tgreenfield@schwabe.com<br><br>*Attorneys for Plaintiff PacifiCorp* | HANSBERRY & JOURDONNAIS, PLLC<br><br>*s/ Charles E. Hansberry*<br>Charles E. Hansberry<br>chuck@hjbusinesslaw.com<br>Jenny M. Jourdonnais<br>jenny@hjbusinesslaw.com<br><br>PERKINS COIE, LLP<br>Jeffrey M. Hanson (admitted *pro hac vice*)<br>jhanson@perkinscoie.com<br>Gregory F. Miller (admitted *pro hac vice*)<br>GMiller@perkinscoie.com<br>Harry H. Schneider (admitted *pro hac vice*)<br>HSchneider@perkinscoie.com<br><br>*Attorneys for Plaintiff Puget Sound Energy, Inc.* |
|---|---|
| DORSEY & WHITNEY LLP<br><br>*s/ J. David Jackson*<br>J. David Jackson (admitted *pro hac vice*)<br>jackson.j@dorsey.com<br>Stephen D. Bell<br>bell.steve@dorsey.com<br><br>*Attorneys for Defendant NorthWestern Corporation* | BROWN LAW FIRM, P.C.<br><br>*s/ Robert L. Sterup*<br>Robert L. Sterup<br>rsterup@brownfirm.com<br><br>*Attorney for Defendant Talen Montana, LLC* |

| JONES LAW FIRM, PLLC<br><br><br>*s/ Emily Jones*<br>Emily Jones<br>emily@joneslawmt.com<br><br>*Special Assistant Attorney General for Defendant Austin Knudsen*<br><br>OFFICE OF THE MONTANA ATTORNEY GENERAL<br>Derek J. Oestreicher<br>derek.oestreicher@mt.gov<br>Timothy Longfield<br>timothy.longfield@mt.gov<br><br>*Attorneys for Defendant Austin Knudsen* | |
|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

**PORTLAND GENERAL ELECTRIC COMPANY; AVISTA CORPORATION; PACIFICORP;** and **PUGET SOUND ENERGY, INC.,**
Plaintiffs,

**v.**

**NORTHWESTERN CORPORATION; TALEN MONTANA, LLC; AUSTIN KNUDSEN,** in his official capacity as Attorney General for the State of Montana,

Defendants.

Case No. 1:21-cv-00047-SPW-KLD

**PROTECTIVE ORDER**

**ATTACHMENT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated April 12, 2022, in the above-captioned proceeding and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Montana in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated as “Confidential” in accordance with the Order, solely for the purpose of the above-captioned proceeding, and not to disclose any such documents or

information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________

Title: ______________________________

Employer: ______________________________

Address: ______________________________

______________________________

______________________________

______________________________

Date: ____________________ Signature__________________________